# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 22-7105

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Petition For** |
| **v.** | **Panel Rehearing and Motion to** |
| **EDWIN LEO BROWN** | **Recall and Stay the Mandate** |

This Court determined that the district court did not make a credibility determination. The appropriate remedy is to send it back to allow the district court to make appropriate factual determinations. Rehearing is appropriate because the opinion overlooked a material legal matter and the decision conflicts with binding precedent. To do so, the government also asks this Court to recall and stay its forthwith-issued mandate. *See* Local R. 40(b)(i), (iii); Local R. 41.

### PROCEEDINGS BELOW

Brown filed his habeas petition, JA 133-66, and the United States responded and requested an evidentiary hearing, JA 167-83. The district court entered an order allowing for discovery. JA 19. During discovery, the United States took Brown's deposition, and Brown said that he was not sure if he would have accepted the plea deal had he received proper legal advice. JA 431-32. The United States moved for summary judgment, but the district court denied the motion and ordered an evidentiary hearing, which was referred to a magistrate judge. JA 22-25.

During the evidentiary hearing, the magistrate judge heard conflicting testimony from Brown and his two counsels and then argument from both sides. The

judge issued his recommendation in which he summarized the evidence he heard and explained how Brown failed to show prejudice. JA 579-93. Brown's counsel objected to the legal conclusions in a short, page-and-a-half memorandum. He argued that the magistrate judge was wrong because "there was no rational reason for the Petitioner/Defendant to have rejected the plea offer . . ." JA 594.

When reviewing counsel's memorandum, the district court found that "Brown does not dispute the numerous findings of fact in the M&R . . ." JA 599. It read the magistrate judge's opinion as crediting certain testimony and not crediting Brown's testimony. JA 600. It concluded that it was rational for Brown to reject the plea offer because there was no appeal waiver. JA 600. Before this Court, Brown made legal arguments, but he did not appeal any factual determination.

After oral argument, the Court issued its decision. Its decision interprets the magistrate's recommendation differently than the district court did. The Court found that the opinion did not have any findings of facts or credibility findings. Rather than remanding for these findings, this Court said it would review the entire decision *de novo*. It then reversed the lower court.

## ARGUMENT

The United States requests panel rehearing so that the district court's decision may be vacated—not reversed—so that the district court can make factual findings and apply the governing law as this Court has explained it. A right to relief in the habeas setting requires individualized factual findings.

First, as the Supreme Court has long held, "where [factual] findings are infirm because of an erroneous view of the law, a remand is the proper course unless the

record permits only one resolution of the factual issue." *Pullman-Standard v. Swint*, 456 U.S. 273, 292 (1982) (finding appellate court erred in failing to defer to trial court's factual determination). This rule is necessary because trial courts have "unchallenged superiority" in their "factfinding ability" whereas appellate courts have the "institutional advantage" in expounding legal principles. *Salve Regina College v. Russell*, 499 U.S. 225, 233 (1991) (concluding that appellate courts review determination of state law *de novo*). Thus, "[a]ppellate courts cannot make factual determinations which may be decisive of vital rights where the crucial facts have not been developed." *Price v. Johnston*, 334 U.S. 266, 291 (1948) (finding hearing was necessary to determine facts underlying alleged due process violation).

This rule has been developed both within and outside the habeas context, and it applies with special force to habeas petitions. Indeed, this Court has previously found that a failure to defer to the factual determinations of a habeas court (*i.e.* the court that heard evidence in a habeas hearing) is the type of error that requires reversal even in the deferential § 2254 context. *See Dodson v. Ballard*, 800 F. App'x 171, 178 (4th Cir. 2020). Brown's brief further underscores this point. To show appropriate respect to trial courts, the cases that he relied on carefully examined the habeas courts' decisions, and, even though those decisions did not have separate findings of fact and law, they deferred to the "underlying factual" determinations unless clearly erroneous. Appellant Br. at 21-23; Rule 28(j) Letter.[1] This was the

---

[1] *Citing United States v. Baker*, 109 F.4th 187, 195 (3d Cir. 2024) (stating that factual findings are reviewed for clear error and reviewing credibility determination under that standard); *United States v. Kearn*, 90 F.4th 1301 (10th Cir. 2024) (accepting factual determination unless clearly erroneous even though district court had no explicit factual determinations); *United States v. Knight*, 981 F.3d 1095 (D.C. Cir. 2020) (reviewing for clear error "subsidiary factual findings"

process that the district court engaged in when it examined the factual underpinning of the magistrate's recommendation. And it is a necessary process because to satisfy the *Strickland* standard, a defendant's testimony that he would have accepted a guilty plea "must be credible." *Merzbacher v. Shearin*, 706 F.3d 356, 367 (4th Cir. 2013).

Here, factual findings by the district court are even more important because Brown made three different assertions over the life of this case at the trial level. He said one thing at his arraignment. Another during his post-plea deposition. And a third in the habeas hearing. With these different versions of events, there are multiple explanations as to Brown's motivation and considerations in relation to the type of deal that the government offered. Factual determinations need to be made, and the lower court must be allowed to make those determinations. Otherwise, this Court's decision conflicts with precedent from the Supreme Court, its sister circuits, and its previous decisions. *See Pullman-Standard*, 456 U.S. at 292; *Knight*, 981 F.3d at 1099; *Merzbacher*, 706 F.3d at 367.

The need for factual determinations is heightened in the context of guilty pleas. A criminal defendant has a constitutional right to trial by jury. Const. Amend. VI. A guilty plea is a waiver of that right, and it is only valid if knowing and intelligent. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). In making that choice, a defendant can focus on any factor that he chooses, including "the strength of the case against him," *McMann v. Richardson*, 397 U.S. 759, 767 (1970),

---

although the district court had no explicit determinations); *see also Baker v. United States*, No. CV 14-370 (PGS), 2023 WL 2889483 (D.N.J. Apr. 11, 2023) (summarizing testimony without explicit factual findings); *United States v. Kearn*, 578 F. Supp. 3d 1221 (D. Kan. 2022) (summarizing testimony without explicit factual findings); *United States v. Thorpe*, No. 13-CR-131 (RJL), 2019 WL 1117197 (D.D.C. Mar. 11, 2019) (summarizing testimony without explicit factual findings).

fear of punishment, *see North Carolina v. Alford*, 400 U.S. 25, 30 (1970), or collateral consequences, *see Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). It is the defendant, not the court, not his attorney, and not the prosecution, who has "the ultimate authority to determine whether to plead guilty." *Florida v. Nixon*, 543 U.S. 175, 187 (2004). That is why "categorical rules are ill suited" to the habeas inquiry which "focuses on a defendant's decisionmaking." *Lee v. United States*, 582 U.S. 357, 367 (2017) (citing *Williams v. Taylor*, 529 U.S. 362, 391 (2000); *Strickland v. Washington*, 466 U.S. 668, 695 (1984)). And, this Court has often instructed lower courts to hold evidentiary hearings to determine issues of fact and credibility for individual petitioners. *See, e.g., United States v. Mayhew*, 995 F.3d 171, 181 (4th Cir. 2021) (remanding for evidentiary hearing for determination of credibility and relevant facts); *United States v. Turner*, 841 F. App'x 557, 559 (4th Cir. 2021) (stating that the district court should hold hearing to make "factual findings" and "credibility determination" when record was not conclusive).

Here, the district court heeded the Fourth Circuit's guidance. Consistent with and citing to *Mayhew*, the district court denied the United States' motion for summary judgment and held a hearing so that it could consider testimony from Brown, Harper, and Wentz. Order at 9, *United States v. Brown*, 7:16-cr-110-D (E.D.N.C. Apr. 25, 2022) ECF No. 117. A magistrate judge held the hearing and heard from those witnesses. He explicitly noted that Brown's testimony was inconsistent, JA 590, and that Brown failed to explain the inconsistencies, JA 592. The district court labeled this a "credibility" determination. JA 600.

In reversing the district court, this Court should have remanded to allow

factual findings, so that the court could consider Brown as an individual. Doing so would allow the district court to look at Brown's past history and his preferences. Otherwise, the district court gets less deference than if it had not held an evidentiary hearing. Even if it the district court made errors, the district court considered Brown as an individual when it made its determination. Without those individualized determinations, a court cannot determine the value that Brown placed on waiving his trial right. As such, a court cannot determine prejudice—that is, what action Brown would have taken absent his counsel's advice. Accordingly, the Court's opinion should be vacated, and the matter should be remanded to the district court so that it can determine the facts as they relate to this Petitioner, Edwin Leo Brown.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court to recall and stay the mandate, vacate its panel decision, and remand.

Respectfully submitted, this 10th day of June, 2025.

DANIEL P. BUBAR
*Acting United States Attorney*

BY: */s/ Jonathan Silberman*
JONATHAN SILBERMAN
*Assistant United States Attorney*
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: 919-856-4530

# CERTIFICATE OF COMPLIANCE

1.  Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this brief meets the page or type-volume limits of Rule 32(a) because, exclusive of the portions of the document exempted by Rule 32(f), this brief contains:

    ☐ _____ Pages *(may not exceed 30 pages for a principal brief or 15 pages for reply brief, pursuant to Rule 32(a)(7)(A))*; or

    ☒ 1,771 Words *(may not exceed 13,000 words for a principal brief or 6,500 words for reply brief, pursuant to Rule 32(a)(7)(B))*.

2.  Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 2016 using fourteen-point *Calisto MT*, a proportional-width typeface.

> */s/ Jonathan Silberman*
> Jonathan Silberman
> *Assistant United States Attorney*